IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMORAL ANTONEE MCCORKLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:11CV208 |
| v. ) | 1:06CR276-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Petitioner Jamoral Antonee McCorkle, a federal prisoner, brought a Motion [Doc. #34] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Court previously stayed the case in light of United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015), which was pending at the time. Because the decision in Foote is now final, the case should proceed to a final decision.[1]

On March 6, 2007, Petitioner was convicted of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(b)(1)(B) (Count One) and one count of possession of a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Two). He received a sentence of 205 months of imprisonment on the drug conviction and a concurrent sentence of 120 months imprisonment on the firearm count. He now brings the present Motion raising two claims.

---

[1] Petitioner previously filed a Motion [Doc. #68] to have the case proceed. That Motion is now moot in light of the decision in Foote and in light of the present Recommendation.

First, Petitioner contends that his conviction under 18 U.S.C. § 922(g)(1) is invalid in light of the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because the prior North Carolina state conviction listed in the Indictment [Doc. #1] was not punishable by more than one year of imprisonment. Second, Petitioner contends that his sentence on the drug count is invalid because he was sentenced as a career offender and the predicate offenses for that sentencing enhancement are no longer proper predicates following Simmons. He also claims that one of those predicates, a conviction for felony fleeing to elude arrest, does not qualify as a predicate because it is not a crime of violence.

The Government initially opposed Petitioner's Motion by filing a Motion to Dismiss [Doc. #50]. However, the Government later filed a Supplemental Response [Doc. #71], conceding, based on Simmons, that the prior North Carolina conviction supporting the §922(g)(1) conviction would not qualify as a predicate felony conviction in light of Simmons. In this regard, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for the prior conviction. Based on this determination, the Government concedes that relief should be granted pursuant to 28 U.S.C. § 2255, to the extent that the § 922(g)(1) conviction should be vacated.

In addition, the Government has further affirmatively waived any statute of limitations defense or procedural defense that might otherwise apply as to this claim.[2] The

---

[2] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations

parties thus agree that pursuant to the § 2255 Motion, Petitioner's § 922(g)(1) conviction should be vacated.[3] The Court has reviewed the state court judgment reflecting Petitioner's prior conviction that is set out in Count Two of the Indictment, and the Court notes that Petitioner's prior conviction was a Class I felony with a prior record level of I. The maximum sentence he faced for that offense under North Carolina law, as analyzed in Simmons, was less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted and that his conviction under Count Two of the Indictment be vacated. To the extent Petitioner made any payments toward the $100 special assessment for Count Two, those amounts should be returned to him.[4]

---

defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[3] The Government has thus taken the position that the claims raised are cognizable in these proceedings, at least with respect to defendants who were convicted under 18 U.S.C. § 922(g)(1) of being a felon in possession of a firearm or ammunition, but who do not have a requisite prior felony conviction in light of Simmons. Cf. Miller v. United States, 735 F.3d 141 (4th Cir. 2013) (vacating § 922(g)(1) conviction on a § 2255 motion based on Simmons and holding that "[f]or defendants convicted of possessing a firearm by a convicted felon under 18 U.S.C. § 922(g)(1), where the predicate conviction(s) supporting their § 922(g)(1) convictions were North Carolina felony offenses for which they could not have received sentences of more than one year in prison, Simmons also makes clear that those felony convictions do not qualify as predicate felonies for purposes of federal law, and those defendants are actually innocent of the § 922(g)(1) offense of which they were convicted").

[4] In order to facilitate that return, the Court will need a mailing address where any refund can be sent. Petitioner should, through counsel, supply to the Clerk's Office an appropriate mailing address other than Petitioner's prison address. If a final Order is entered vacating Petitioner's conviction, the Clerk's Office will then calculate the amount of any refund that is due and send that amount to the address provided.

However, the Government continues to oppose Petitioner's challenges to his status as a career offender on the ground that these are not claims cognizable under § 2255. The United States Court of Appeals for the Fourth Circuit recently addressed the question of whether a career offender challenge was cognizable on collateral review and held that a challenge to a career offender designation based on Simmons is not the type of alleged sentencing error that can be corrected on collateral review. Foote, 784 F.3d at 943 (holding that Petitioner's erroneous "career offender designation was not a fundamental defect that inherently results in a complete miscarriage of justice"). To the extent Petitioner has filed a Motion to Amend [Doc. #74], seeking to similarly challenge his career offender enhancement in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), it appears that Petitioner's challenge to the Guideline calculation in his case would not be cognizable in this proceeding based on the decision in Foote. Therefore, Petitioner's career offender challenges in this case are not cognizable in this collateral review proceeding and his claims for relief challenging his career offender enhancement should be denied.

Nevertheless, as discussed above, the Government concedes that Petitioner is due some relief under § 2255 in that his § 922(g)(1) conviction should be vacated. Trial courts have "broad and flexible power" in fashioning a remedy when granting relief under § 2255, including the option of entering a corrected judgment or conducting a full resentencing when some counts are vacated but others remain. See United States v. Hadden, 475 F.3d

652, 669-72 (4th Cir 2007). Under Hadden, the Court has the authority to set this matter for resentencing to address any remaining sentencing issues. However, the Court also has discretion to vacate the § 922(g) conviction and leave the conviction and sentence as to Count One in place if the sentencing judge is "satisfied with the resulting sentence." Hadden, 475 F.3d at 669. This determination is a matter within the discretion of the sentencing judge. Therefore, this Court will recommend that Petitioner's conviction and sentence as to Count Two be vacated with the agreement of the parties and that the matter be set for resentencing, unless the sentencing judge is satisfied with the original term of imprisonment for Count One.[5]

IT IS THEREFORE ORDERED that Petitioner's Motion [Doc. #68] seeking to have the case decided prior to the final decision in Foote is moot.

IT IS RECOMMENDED that the stay in this case be lifted, that Respondent's Motion to Dismiss [Doc. #50] be granted to the extent that Petitioner challenges his career offender enhancement, but that the Motion to Dismiss be treated as withdrawn as to Petitioner's challenge to his conviction on Count Two, that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #34] be granted as to his challenge to his conviction on Count Two but denied otherwise, that Petitioner's Motion to Amend [Doc. #74] be granted to the extent that his arguments have been considered, but otherwise denied, that the

---

[5] Petitioner alternatively requests that his claim under Johnson be stayed pending a final decision in United States v. Lee (4th Cir. No. 16-6099). If the District Judge chooses to enter a corrected Judgment on Count One, rather than conducting a resentencing hearing, the District Judge can also consider whether to allow Petitioner's request to hold the matter in abeyance prior to entry of the Judgment pending the decision in Lee. However, if the matter is set for resentencing, it does not appear that there would be any need to wait for the decision in Lee.

5

Amended Judgment [Doc. #33] be vacated, that the conviction on Count Two of the Indictment [Doc. #1] be vacated and that Count Two be dismissed, that any money paid by Petitioner toward the $100.00 special assessment for Count Two be returned or credited to him as set out above, and that Petitioner's sentence on Count One be vacated and that this matter be set for resentencing as to Count One unless the sentencing judge is satisfied with the original sentence for Count One.

This, the 11th day of May, 2016.

                                                                 /s/ Joi Elizabeth Peake
                                                              United States Magistrate Judge